J-S52025-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM F. COLON, | : | |
| | : | |
| Appellant | : | No. 1701 EDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No: CP-51-CR-0015317-2013

BEFORE:    FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED JANUARY 10, 2017**

I join the Majority's analysis of Appellant's first, second, third, and fourth issues.  However, I dissent as to the fifth and sixth issues.

The trial court abused its discretion in failing to give at least a curative instruction regarding the improper comments made by the prosecutor in the course of Juan Inglesias' cross-examination.  Accordingly, I would reverse.

As our Supreme Court has explained,

> It is well established that a prosecutor, just as a defense attorney, must have reasonable latitude in presenting a case to the jury and must be free to present his or her arguments with "logical force and vigor." Counsels' remarks to the jury may contain fair deductions and legitimate inferences from the evidence presented during the testimony. The prosecutor may always argue to the jury that the evidence establishes the defendant's guilt, although a prosecutor may not offer his personal opinion as to the guilt of the accused either in argument or in testimony from the witness stand. Nor may he or

*Retired Senior Judge assigned to the Superior Court.

she express a personal belief and opinion as to the truth or falsity of evidence of defendant's guilt, including the credibility of a witness.

However, not every intemperate or uncalled for remark by the prosecutor requires a new trial. As we have stated many times:

> [C]omments by a prosecutor do not constitute reversible error unless the "unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict."

Furthermore, the prejudicial effect of the prosecutor's remarks must be evaluated in the context in which they occurred. As the United States Supreme Court has stated:

> The "consistent and repeated misrepresentation" of a dramatic exhibit in evidence may profoundly impress a jury and may have a significant impact on the jury's deliberations. Isolated passages of a prosecutor's argument, billed in advance to the jury as a matter of opinion not of evidence, do not reach the same proportions. Such arguments, like all closing arguments of counsel, are seldom constructed *in toto* before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. While these general observations in no way justify prosecutorial misconduct, they do suggest that a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.

In applying these standards on appellate review, we have stated:

> Whether this standard has been violated by the language of the district attorney is not in the first instance our decision to make. It is the duty of the trial judge to rule upon the comments; this Court is limited in its review to whether the trial court abused its discretion.

*Commonwealth v. D'Amato*, 526 A.2d 300, 309–10 (Pa. 1987) (citations omitted).

Here, the prosecutor asked Inglesias, "After the shooting, after the second shooter went up this way, what did [Appellant] -- what did he tell you about the second shooter, the guy who put a bullet in the back of someone's head in front of your house, what did [Appellant] say about that?" N.T., 1/14/2015, at 35-36. Defense counsel then stated "There is no testimony that he said anything. If he didn't say anything, how could [Inglesias] testify to what was said?" *Id.* The trial court took counsel's statement as an objection, which it sustained. Immediately thereafter, the prosecutor stated "He didn't say anything, sir, because he was the one committing that murder. He didn't know who he was because he did it." *Id.* Counsel's request for a mistrial was denied and there was no curative instruction given. While I am cognizant that the statements and questions of counsel are not testimony, I cannot agree with the Majority that the prosecutor's inappropriate comment was "invited by defense counsel and was made in response to the question, even if rhetorical, posed by defense counsel." Majority Memorandum at 12. Rather, the statement constitutes an

improper commentary on the guilt of Appellant, the unavoidable effect of which was to form in the jury's mind a prejudice against Appellant, such that the partiality of the jury's decision is put into question. Thus, it was reversible error for the trial court to deny counsel's contemporaneous motion for a mistrial.

Additionally, I agree with Appellant that the trial court erred in instructing the jury to consider his untimely notice of alibi defense in evaluating his alibi testimony. N.T., 1/15/2015, at 17-18.

Rule of Criminal Procedure 567 provides that,

[i]f the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, **or may make such other order as the interests of justice require**.

Pa.R.Crim.P. 567(B)(1) (emphasis added). The purpose of this subsection is to cure any prejudice suffered by the Commonwealth due to a defendant's late filing. Thus, any "other order" entered by a trial court must be crafted with this purpose in mind.[1]

---

[1] Orders in this vein may include permitting the Commonwealth to explain to the jury, through cross-examination of the defendant, why it was unprepared to address an untimely alibi defense. *See Commonwealth v. Servich*, 602 A.2d 1338, 1343 (Pa. Super. 1992).

Here, the trial court chose to allow Appellant's alibi testimony, but instructed the jury as follows.[2]

> In this case, the defendant has presented evidence of an alibi, that is, that [he] [she] was not present at the scene or was rather at another location at the precise time that the crime took place.
>
> **The rules of criminal procedure require that a defendant file a notice of alibi defense within 30 days of the defendant's arraignment. No such notice was filed with the clerk in this case.**
>
> You should consider this evidence, **both the alibi and the failure to give timely notice to** [(*sic*)] **the alibi**, along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt [(*sic*)] that a crime was committed and that the defendant himself committed it.
>
> The defendant's evidence that he was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of his guilt. If you have a reasonable doubt of the defendant's guilt, you must find him not guilty.

N.T., 1/15/2015, at 17-18 (emphasis added).

This instruction makes no effort to cure any prejudice the Commonwealth may have suffered due to Appellant's untimely disclosure, in clear contradiction of the purpose of Rule 567(B)(1). Rather, the court's charge required the jury to consider the untimely notice in determining Appellant's guilt or innocence. This is not a proper function for a jury.

---

[2] The Commonwealth did not request a continuance.

- 5 -

Accordingly, I would reverse on this basis as well and grant Appellant a new trial.